IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

SONIA M BENITEZ LAJARAS

XXX-XX-1868

Debtor(s)

CASE NO. 10-04613 BKT

Chapter 13

FILED & ENTERED ON 03/28/2011

## OPINION AND ORDER

This proceeding is before the Court upon the Debtor's Response to Order and Submit Memorandum of Law [sic] [Dkt. No. 33] and the trustee's Objection to Confirmation of Plan [Dkt No. 34].

## I. FACTUAL BACKGROUND

The Debtor filed a voluntary Chapter 13 petition on May 28, 2010.   Part of the estate listed in the Debtor's schedules includes a usufruct interest in certain property that the Debtor received as a result of an intestate inheritance.  On June 29, 2010, Debtor filed a proposed Chapter 13 Plan. The trustee objects to the confirmation of the proposed plan under 11 U.S.C. § 1325(a)(4) (the "best interest of creditors test") because it fails to include the value of the usufruct, which, he alleges, is a quantifiable interest of the debtor in property that should be included in the estate under 11 U.S.C. § 541(a)(1).  The Debtor responds that the usufruct is not an interest of the Debtor under § 541(a)(1)

1

since the lineal heirs of the deceased have the right to decide whether to satisfy the surviving spouse's share with a cash payment or an equitable interest in property, and thus the plan need not account for it.

This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.).

## II. LEGAL ANALYSIS AND DISCUSSION

To satisfy the "best interests of creditors test" of 11 U.S.C. § 1325(a)(4), a Chapter 13 plan must provide for payment to each allowed unsecured claim holder of no less than the amount such holder would be paid on such claim if the Debtor's estate was liquidated under Chapter 7. Thus, the estate's liquidation value must be evaluated to establish whether the proposed plan satisfies this test. In a hypothetical Chapter 7 scenario, the Chapter 7 Trustee would collect and liquidate all non-exempt property of the estate. 11 U.S.C. § 704(a)(1). It is undisputed that the Debtor's estate in the instant case encompasses her statutory share of her deceased husband's estate. The parties do not agree, however, on whether the Debtor's usufruct interest in her deceased spouse's intestate estate should be included in her bankruptcy estate.

Under the laws of the Commonwealth of Puerto Rico, a usufruct inherited by a surviving spouse may be conveyed should the heirs be unable to agree upon the manner in which the surviving spouse's share should be satisfied. 31 L.P.R.A. § 2415. In such situations, the value of the usufruct may be calculated for the purposes of determining and satisfying the statutory share of a deceased spouse's estate. Id.; Calimano Diaz v. Rovira Calimano, 113 D.P.R. 702, 704. Because the widow

2

usufruct in this case is a non-exempt interest whose value may be determined under applicable state law, it must be included in the estate under 11 U.S.C. § 1325(a)(4) before a Chapter 13 plan may be confirmed.

Having found that the usufruct is a quantifiable, non-exempt interest of the Debtor in property, the Court SUSTAINS the trustee's objection to confirmation [Dkt. No. 34]. A confirmation hearing is hereby scheduled for May 26, 2011 at 9:00a.m. The parties are ordered to inform the Court if an agreement to assign a value to the widow usufruct is reached and file an informative motion ten (10) days prior to the confirmation hearing.

**SO ORDERED.**

San Juan, Puerto Rico this 28 day of March, 2011.

Brian K. Tester
U.S. Bankruptcy Judge

3